## PALMER *v.* ARTHUR.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

No. 302. Submitted April 26, 1889. — Decided May 13, 1889.

It appearing that the alleged imperfections in the plaintiff's petition were either obviated by subsequent pleadings or cured by the verdict, and

that this writ of error was sued out for purposes of delay, the court affirms the judgment below with ten per cent damages, interest and costs.

THE case is stated in the opinion.

*Mr. Walter Evans* for plaintiff in error.

*Mr. William Lindsay* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is an action at law to recover upon an alleged breach of contract to pay for certain staves made or procured to be made by defendant in error for plaintiff in error, to be culled, branded and received by the latter on the Cumberland River and its tributaries, in the counties of Knox and Bell, in the State of Kentucky.

The action was commenced in the Circuit Court of Whitley County, and removed into the Circuit Court of the United States for the District of Kentucky.

The petition of Arthur, the plaintiff below, (omitting the application for attachment,) was as follows:

"The plaintiff, E. F. Arthur, states that before the 30th of May, 1884, he had a contract with the defendant, L. M. Palmer, to make and have made for defendant an unlimited number of staves on the Cumberland River and its tributaries, in the counties of Knox and Bell, State of Kentucky, for which defendant was to pay plaintiff $14 for each 1000 that were 44 inches in length on the creeks and $15 per 1000 on the river, $9 per 1000 for 34-inch staves on the river and $8 per 1000 on the creeks; that on the 30th of May, 1884, plaintiff had made under the contract 800,000 staves, at which time defendant did not wish any more staves made, and plaintiff and defendant agreed that no more were to be made at the time, and defendant was to pay plaintiff for the staves made, and paid plaintiff at the time $4017.78 for 286,000 of the staves, and was to pay plaintiff for the remainder, 514,000 staves, on the 1st of November, 1884. Plaintiff states that of

514,000 staves not paid for and that had been made, 489,000 were 44-inch staves, for which defendant was to pay $14 per thousand, and 25,000 34-inch staves, for which defendant was to pay $8 per thousand; that there was due and owing the plaintiff by the defendant on the 1st of November, 1884:

For 489,000 at $14 per thousand . . . $6846,

For 25,000 at $8 per thousand . . . . 200,

making due and owing the plaintiff by the defendant for said staves $7046. Plaintiff states that Williamsburg, Ky., is the place where defendant carries on the business of manufacturing staves, etc., and where his authorized agents were located; that at the time the money was due on said staves he called on the agent at his place of doing business for the money, (the defendant being a non-resident of and absent from the State of Kentucky,) and he failed and refused to pay the same or any part thereof; same still due and owing the plaintiff by the defendant, with interest from the 1st of November, 1884. Plaintiff states that all of said staves have been culled and branded by the defendant except about 50,000, which it was the duty of the defendant to have culled and branded. Wherefore plaintiff asks judgment for said sum of seven thousand and forty-six dollars, his cost, interest, and all proper relief."

To this petition, Palmer, the defendant below, filed an answer, which conceded the existence of the contract, but averred that it was not fully nor accurately set forth by plaintiff, and stated various alleged differences as to the size and character of the staves, and the price to be paid therefor, asserting also that "all upon inspection were to come up to contract requirement," and that "the said contract related to and embraced only such staves as might be made by the plaintiff himself, or which might be made by others and paid for by plaintiff." It admitted that over 295,000 staves were received and paid for, but denied that defendant had agreed to pay for 514,000 other staves, or that he had culled or branded any other staves than those paid for May 30, 1884, since which date he had "not accepted nor has he had an opportunity to accept any more staves from the plaintiff, but he has also

accepted and received from persons making and owning the staves within the territory covered by the agreement with plaintiff about 13,000 staves, and has, with the plaintiff's consent, paid to the persons so making or owning such staves (and who were in nowise parties to the contract between plaintiff and defendant) the full price thereof," giving items aggregating $153.69.

To this answer plaintiff replied, averring, among other things, " that prior to the 30th of May, 1884, defendant's agents had inspected, culled and branded the 800,000 staves mentioned in the petition, except about 50,000."

The defendant rejoined to the reply, saying, that some time before May 30, 1884, he informed plaintiff " the contract with him would then be terminated, but that defendant would at once proceed to take up and inspect and pay for enough of the staves made to amount to the sum plaintiff then needed, viz., about $4000, and the remainder of the staves already made could be inspected, and, if up to contract, taken later. The defendant authorized such an arrangement, and it was agreed upon between and by the parties." But defendant further averred that plaintiff refused to permit the remaining staves to be inspected. Whereupon plaintiff surrejoined, denying that he refused to allow the staves to be inspected, and also that " there was to be any other or further inspection of the staves by defendant or his agents after they had been once culled and branded."

The cause having come on for trial and a jury having been empanelled to try the issue joined, the defendant, after the evidence was all in, amended his answer by averring that the staves in controversy were owned by parties other than plaintiff, which amended answer was " traversed of record by the plaintiff." The jury found for the plaintiff the sum of $6094 with interest from November 1st, 1884, and judgment was entered upon said verdict. No motion for a new trial or in arrest was made, nor was any bill of exceptions taken. From the judgment the pending writ of error was prosecuted to this court and errors assigned as follows: That the Circuit Court erred —

"1st. In rendering judgment for the plaintiff for any sum whatever.

"2d. In not rendering judgment on the trial for the said Lowell M. Palmer instead of for said E. F. Arthur.

"3d. In not adjudging that the plaintiff in error on the pleadings was entitled to a dismissal of the action and a judgment for his costs."

From the petition it appears that plaintiff sued upon a contract with defendant to make or cause to be made for him within Knox and Bell counties an unlimited number of staves of specified dimensions, to be paid for at stipulated prices; that on the 30th of May, 1884, plaintiff had made under the contract 800,000 staves, at which time the parties agreed the manufacture should cease, and defendant paid at once for 286,000 of the staves, and agreed to pay for the remainder, viz., 514,000, on the 1st day of the following November, but did not do so, and plaintiff claimed to recover as of November 1, 1884, $6846 for 489,000 staves at $14 per thousand, and $200 for 25,000 staves at $8 per thousand, and that of the 514,000 staves all had been culled and branded by defendant except 50,000. The defendant disputed the terms of the adjustment of May 30th and various other of the facts alleged by plaintiff, and insisted he was not bound to take any more staves than he had paid for without an inspection, which he had not been allowed to make. The verdict of the jury excluded the contract price of the 50,000 unbranded staves, and the price of the 13,000 staves, which defendant claimed to have paid others for, with the consent of plaintiff; disposed of the issue as to ownership; and necessarily determined the number of staves over and above what had been paid for May 30, 1884, and the number which had been culled and branded by the defendant, and that the agreement between the parties was such that the culling and branding amounted to an acceptance of the staves so culled and branded, the delivery and acceptance being complete without any further inspection. The objections to the petition amount simply to asserting that the ground of action was imperfectly and inaccurately stated; and whatever defects, imperfections or omissions there may have been, if not obviated

by the subsequent pleadings, were cured by the verdict, which must be assumed to have proceeded upon proof of facts which justified it; and, as it is apparent that the writ of error could only have been sued out for purposes of delay, the judgment is

*Affirmed with ten per cent damages, interest and costs.*