BESSIE J. GRINDLE *vs.* YORK MUTUAL AID ASSOCIATION.

Hancock.   Opinion January 22, 1895.

| 87 | 177 |
| 92 | 344 |

*Life Insurance.  Payment.  Action.  Presumption as to Funds.  Stat. 1889, c. 237, § 6.*

In the trial of an action against a life-insurance company organized on the assessment plan, brought by a person entitled to a benefit in consequence of the death of a member of such company, the burden is not on the plaintiff, in order to sustain his action on the policy or certificate of insurance, to show that the company is in possession of funds sufficient to pay his claim it appearing that the company is required by its charter and by-laws to assess its members on the occurrence of the death of any one of them, and to keep on hand an emergency fund collected from annual dues and also a general reserved fund to be derived by the company from several various sources, facts which raise a presumption of sufficient resources or funds.

ON MOTION AND EXCEPTIONS.

This was an action by the plaintiff upon a certificate of insurance, in the sum of two thousand dollars, issued by the defendant association, May 31st, 1892, upon the life of Forest A. Grindle.

The certificate was issued under what is known as the club plan, whereby one-half of the benefit in the event of the death of the member was to be paid to certain persons, or the survivors of them, named in the certificate and the other half to his wife, the plaintiff, who was named in the certificate as the beneficiary.

The plaintiff brought the action to recover of the defendant association the one-half of the benefit which was to be paid to her, under the terms of the certificate, in the event of her husband's death, viz., the sum of $1000 and interest from the time when it should have been paid.

The defendant association answered the suit in its brief statement that the certificate was null and void because, as was alleged, certain answers of the deceased in his application for the insurance were false. The trial proceeded on this issue, raised by the defendant, that there was no liability whatever as the certificate was void

After the presiding justice had given instructions upon the questions raised in the trial upon the issue of the validity of the certificate, and was instructing the jury as to their verdict, in case they found the certificate valid under the evidence and the instructions given, the defendant's counsel requested the following instructions.

"If the plaintiff is entitled to recover under the evidence, it is incumbent upon her to prove the amount of damages she is entitled to ; and as it is provided by the certificate that the amount to be paid, if the certificate is valid, is to depend upon the amount received by the defendant from one death assessment less twenty (20) per cent, . . .. and as no evidence has been offered of the amount received or that might be received from one death assessment by the defendant, I instruct you that the plaintiff is entitled to no more than nominal damages.

"2. If the plaintiff is entitled to recover, no evidence of the damage sustained having been offered except the certificate, I instruct you as a matter of law, that the plaintiff is entitled to nominal damages only."

These instructions were refused, and the presiding justice instructed the jury as follows :

"I instruct you, that the amount which the plaintiff would be entitled to recover under this certificate will be one-half the benefit therein named, and the benefit therein named is $2000, so that she will be entitled to recover, if she is entitled to recover, one-half thereof, or one thousand dollars, together with interest from and after the expiration of ninety days from the filing of the proofs of the loss."

To the refusal to give the instructions requested, and to the instructions given, the defendant excepted.

The jury returned a verdict for the plaintiff of $1062.00. The defendant after verdict also filed a general motion for a new trial.

*A. W. King* and *E. E. Chase,* for plaintiff.

*J. O. Bradbury* and *G. F. Haley,* for defendant.

Counsel cited: *Curtis* v. *Mut. Ben. Life Co.* 48 Conn. 98 ;. *Eggleston* v. *Cent. Mut. Life Asssoc.* 18 Fed. Rep. 14 ; *Smith* v. *Cov. Mut. Ben. Assoc.* 24 Fed. Rep. 685 ; *Mut. Acc. Assoc.* v. *Tuggle,* 39 Ill. App. 509.

SITTING : PETERS, C. J., WALTON, EMERY, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J. The plaintiff claims one thousand dollars as due her on a certificate of insurance granted upon the life of her husband by the defendant company. The case was tried to the jury, under the general issue, upon the important question whether the certificate was or not obtained from the company by the fraudulent representations of the husband.

At the close of the evidence, without previous notice or intimation that the point would be raised, the counsel for the company asked for a set of instructions the point of which was that the plaintiff could not maintain the action, or at any rate maintain it for more than nominal damages, because no proof had been adduced that any assessment had been made producing funds with which to pay the loss, and that there was no proof that in any other way the company had any funds for such purpose. And the company now contends that the burden of proof was on the plaintiff to show these facts. The presiding

justice ruled, however, and we think correctly, that the plaintiff could maintain her case, on this point, upon the presumption that the company was in possession of sufficient funds, and that the burden was on the company to show the contrary if the contrary were true. *State* v. *Churchill,*, 25 Maine, 306.

The certificate or policy under which the plaintiff asserts her claim is not exclusively on the so-called assessment plan, but there are other features combined with that principle. The promise of the certificate is not merely that the company will upon the death of a member assess so much on the surviving members, and collect and pay over the money collected to the beneficiary. There is much more than that to it. The promise is unconditional on the inside and outside of the policy. On the back of the same are printed these words : "All claims are payable within ninety days after due notice and proof of death.'' On its inside is written and printed that the : "Association will within ninety days after receipt of satisfactory proof of said death pay to [the beneficiary] one-half of the benefit herein named," the whole sum named being two thousand dollars.

There are several good grounds for supposing the company to have funds, if it does its duty. Its charter and by-laws provide that an assessment shall be made on the occurrence of each death in order to provide the association with means to enable it to pay its losses, and the responsibility for the collection of assessments must be on the company and not on the beneficiary. Besides assessments and dues, four dollars are annually payable by each member for the creation of an emergency fund, and forfeitures are also provided for to enure to the benefit of the company and add to its funds. We quote a by-law which would also indicate the probable possession of funds :

"Section 1. Not less than twenty per cent of all moneys collected on assessments levied to meet death and disability benefits shall be deducted and invested in accordance with section six of an act relating to life and casualty insurance on the assessment plan, approved March 1st, 1889, and shall only be used to meet death and disability claims whenever it would

be deemed necessary by the board of directors to collect more than six assessments to meet such claims in any one year. After March 5th, 1899, the income of said fund shall be equitably divided among certificate holders."

The act of 1889, above referred to, requires every company which is organized on the assessment plan to have on hand an amount of funds equal to what would be one assessment on all its members.

We are aware that there are differences among courts as to the remedies most appropriate for the collection of claims against a company of a mutual and assessable character, and a considerable question has been whether the proceeding should be one in law or in equity. We feel clear, however, that on such a policy as this is, an action at law is a proper though perhaps not an exclusive remedy to recover a loss, although a resort to equity might be necessary to collect the legal judgment after it has been obtained. These views are fully supported by several cases and especially by the case of *U. S. Mut. Accident Association* v. *Barry*, 131 U. S. 60.

The correctness of the verdict upon the facts is doubtful, but we think it better stand.

*Motion and exceptions overruled.*