## Nugent Sand Company v. Howard.

(Decided December 18, 1928.)

92

MATT O'DOHERTY for appellant.

BECKHAM OVERSTREET and CHAS. T. RAY for appellee.

Opinion of the Court by Judge Willis—Affirming.

This is a personal injury case. Robert Howard was hurt while working for the Nugent Sand Company. He sued to recover damages, alleging negligence on the part of his employer in providing him with an unsafe appliance. The defense consisted of a denial of negligence, coupled with an affirmative plea to the effect that the defective appliance that caused the misfortune was constructed by Howard himself for his own convenience and used for his own purposes. A trial resulted in a verdict for the plaintiff in the sum of $4,000. A new trial was

requested and refused, and the defendant has appealed to this court, seeking a reversal of the judgment.

The arguments on this appeal have taken a wide range, but the case is within narrow compass. Appellant had elected not to operate under the Workmen's Compensation Law, and the common-law defenses of assumed risk, negligence of fellow servant, and contributory negligence of the injured party were not available to it. Kentucky Statutes, sec. 4960; Gibralter Coal Mining Co. v. Nalley, 214 Ky. 431, 283 S. W. 416.

Yet the burden was on the plaintiff to show primary negligence on the part of the defendant, proximately producing the injury of which he complained. Gatliff Coal Co. v. Sumner, 196 Ky. 592, 245 S. W. 144; Deboe's Adm'r v. West Ky. Coal Co., 216 Ky. 198, 287 S. W. 568.

Howard was injured by a fall caused by the breaking of a wooden crosspiece on a "chicken ladder," used by the workmen to mount and descend from the structure on which Howard and several other men were working. It became the duty of Howard to get a board on the ground and carry it to the men on the structure. The "chicken ladder" consisted of boards nailed crosswise on a single stanchion. Howard had made his descent in safety, but, as he returned, the top cross-board on the "chicken ladder" gave way, and Howard was precipitated to a pile of debris below, resulting in severe, painful, and probably permanent injuries. There was testimony tending to show that the boards used for constructing the ladder were defective and insufficient, and that they were insecurely fastened. It was not disputed that the appliance was negligently constructed and was inadequate for the use to which it was put.

Appellant introduced testimony to the effect that Howard himself constructed the appliance and used it upon his own initiative and for his own convenience without permission or authority from his employer. On the other hand, Howard produced evidence to show that the particular appliance was provided by the employer for the use of the men, and that they were directed to use it in the manner described. A simple issue of fact was thus made, to be resolved by the jury, whose province it was to determine, from the conflicting evidence, the truth of the matter involved. The verdict of the jury in favor of plaintiff requires us to accept, for the purposes of this appeal, the version of the affair given by the plaintiff's witnesses. The evidence was ample to sustain the find-

ing of the jury in favor of plaintiff, and, if no error of law intervened, the verdict must stand. Denny v. Darraugh, 212 Ky. 655, 279 S. W. 1069; Nichols v. Harvey, etc., 206 Ky. 112, 266 S. W. 870; I. C. R. R. Co. v. Long, 146 Ky. 170, 142 S. W. 212.

Appellant makes many complaints of the rulings of the trial court. It is said the instructions were erroneous and inadequate, and that the evidence was permitted to take a range beyond the limit fixed by the plaintiff in his pleadings. The complaints of the instruction to the effect that the facts in issue were assumed as true, and that the theory of the defense was not presented, are without merit. The court did not assume that appellant furnished the defective ladder. In succinct and simple form the issue on that subject was specifically submitted to the jury, and it was directed to find for the defendant, if the plaintiff for his own convenience constructed and used the ladder upon which he was hurt. On the other hand, the jury was directed to find for the plaintiff, if the ladder was furnished by the defendant for his use, and it had failed to exercise ordinary care to provide an appliance reasonably safe, which failure had been shown by the proof to be the proximate cause of the injury. These instructions were correct in form and sufficient in substance, and sharply defined the issue between the parties. It is insisted that the standard of ordinary care defined in the instructions exacted too much of the defendant, and that it was liable only for gross negligence, or the failure to use slight care. Yellow Poplar Lbr. Co. v. Bartley, 164 Ky. 763, 176 S. W. 201.

The master is under duty to exercise ordinary care to furnish the servant with appliances reasonably safe for the purposes intended, and failure to exercise such care constitutes actionable negligence. The duty thus imposed is nondelegable, and any servant or agent intrusted with that duty is the representative of the master, whatever his general status, and it is no defense to an action by an injured servant in such cases that the negligence causing the injury was that of a fellow servant, or that the superior servant was not guilty of gross negligence. Tradewater Coal Co. v. Johnson, 72 S. W. 274, 24 Ky. Law Rep. 1066, 61 L. R. A. 161; Yellow Poplar Lbr. Co. v. Bartley, supra.

The doctrine invoked is available only when injury results from a negligent act of the superior servant, not amounting to a failure to perform nondelegable duties. The doctrine contended for has no application to this

case for yet another reason. Appellant was deprived of the defense that the injury was caused by the negligence of a fellow servant of plaintiff by its failure to operate under the Workmen's Compensation Law, and it is liable in such cases for the negligence even of a fellow servant. The cases referred to in Yellow Poplar Lumber Co. v. Bartley, supra, illustrate that the rule limiting liability to instances of gross negligence has no application to cases of the character here involved.

Furthermore, the defined degree of care worked no prejudice to appellant on this record, because an instruction offered by it requested the court to advise the jury that the duty of ordinary care to provide reasonably safe appliances rested upon the appellant. It will thus be seen that the same standard of duty required of appellant by the instructions given was suggested by the defendant itself in the instructions it offered, and, when that occurs, any error therein was self-invited, and appellant is estopped to rely upon it. L. & N. R. R. Co. v. Woodford, 152 Ky. 398, 153 S. W. 722; McClintic Marshall Const. Co. v. Eckman, 153 Ky. 704, 56 S. W. 382; Moise v. Burton, 197 Ky. 538, 247 S. W. 744; Smith v. Middlesboro Electric Co., 164 Ky. 46, 174 S. W. 773, Ann. Cas. 1917A, 1164. It is clear that the instructions given to the jury were not erroneous. Neither were they inadequate, as every phase of the case was covered by the instructions given, and none of the offered ones were needed to amplify the law or enlighten the jury. Fullenwider v. Brawner, 224 Ky. 274, 6 S. W. (2d) 264.

It is argued that the pleadings specified the negligence upon which the plaintiff relied, and that he was confined to his specification. The rule is right (Gaines & Co. v. Johnson, 133 Ky. 507, 105 S. W. 381; Daniel Boone Coal Co. v. Turner, 181 Ky. 761, 205 S. W. 931), but the present case does not come within its purview. The plaintiff's petition specifically alleged negligence of the defendant in furnishing an unsafe appliance, and the proof accepted by the jury established the charge. The issue submitted to the jury was likewise limited. There is no room on this record for the contention that there was any substantial variance between the issue made by the pleadings and the evidence and that submitted to the jury.

It is said that the "chicken ladder" which caused the injury was a simple appliance, and controlled by the rule that a master is not liable for injuries to a servant result-

ing from defects in a simple tool or appliance. Ohio Valley Electric Co. v. Copley, 159 Ky. 38, 166 S. W. 625. The foundation of that doctrine, as will be seen from the cases applying it, is that the servant assumes such risks, but all defenses based upon assumption of risks are abrogated in cases of the character now before us. Furthermore, the structure in question was not a simple tool, within the reasoning or ruling of the cases on that subject. East Tennessee Telephone Co. v. Jeffries, 153 Ky. 133, 154 S. W. 1112. The simple tool doctrine operates only when the workman is using the particular tool from which the injury results, and when the assumption of risks arising from its defects is available as a defense. C. N. O. & T. P. Ry. Co. v. Guinn, 163 Ky. 157, 173 S. W. 357; Reed v. Nelson Ck. Coal Co., 224 Ky. 322, 6 S. W. (2d) 252.

In a reply brief, other alleged errors are argued, which we have considered; but they are so manifestly without merit that elaboration is not justified. A careful examination of the record satisfies us that the trial was fair, and that the result reached was not effected by any erroneous rulings of the court.

The judgment is affirmed.