# Elcomb Coal Co. v. Brock.

June 5, 1945.

Baker & Reams for appellant.

J. L. Davis for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

On November 17, 1943, appellee, Ben Brock, was injured while at work for appellant, Elcomb Coal Company. Appellant had not elected to operate under the Workmen's Compensation Law; therefore, the pleas of contributory negligence, negligence of a fellow servant, and assumed risk are not available in defense of the action. KRS 342.410; Harlan Central Coal Co. v. Gemmeno's Adm'r., 296 Ky. 828, 178 S. W. 2d 217. Brock was employed as a coal loader in one of the mines of appellant. After loading the mine cars with coal, it was his duty to couple the loaded cars to the motor or train backed by other employees into the room in which he was working. Sometimes the motor when backed into the room would have one or more empty cars coupled to it; at other times it would be backed in without cars attach-

ed. The room in which Brock worked curved to the left off of an entry into the mine; and when four cars were attached to the motor (as there were on this occasion), the curve prevented the motorman from seeing the person required to couple the cars together. When this occurred, it was the custom for the coupler to direct the motorman to slow up or stop, in order to facilitate the job of coupling. The evidence is conflicting as to whether the custom was to couple the cars while the engine was still in slow motion, or whether it was customary to make a complete stop before engaging the cars together. It was necessary for Brock to couple the cars while in a kneeling position. He testified that when the train came in close proximity to the loaded car, he shouted to the motorman the customary command, ''Hold, Buddy,'' and the motorman slowed the cars; but, contrary to the motorman's custom and duty, he did not continue breaking the train so that it would stop at the moment of coupling. As a consequence, the train continued to move backward, struck appellee, knocked him against a post, breaking his collarbone and injuring his back. The evidence for appellant, in support of its contention that appellee's own negligence was the sole cause of the injuries, was to the effect that the motorman did not hear the command to ''Hold, Buddy;'' and, in the absence of hearing such direction, he was not negligent in failing to bring the train to a stop.

The place wherein Brock was required to work was extremely dangerous, unless each workman carefully observed the duties imposed upon him in the circumstances. The motorman testified that had Brock directed him, as the latter testified he did, the former was sufficiently close to have heard the warning. That being true, if Brock did sound the warning, as he testified he did, the jury had reasonable grounds to infer, which it evidently did, that the motorman was not listening for the signal, and therefore was negligent in the operation of the train. That being true, it is apparent that the evidence was sufficient to submit the issue to the jury, and to sustain the verdict of the jury which was rendered in favor of appellee.

It is next contended that the verdict of $4,000 is excessive. The medical testimony for appellee showed that the broken collarbone, after healing, was not in proper alignment, and that appellee could not raise his arm

above his shoulder. Brock testified that this condition was caused solely by the accident, and that previous to the accident he had full and free use of his arm. Appellant introduced evidence to the effect that previous to the accident Brock was suffering from neuritis in the arm he claims now is limited in motion, and that the limitation of motion was caused solely by this disease. If the evidence for appellee be true, and the jury believed it to be, he is permanently disabled to do the work he is trained to do, viz., loading coal in a mine. That being true, the verdict cannot be said to be excessive, or to have been the result of passion or prejudice.

It is finally insisted that the Court erred in his instructions to the jury, in that the defendant did not get the benefit of Instruction H, which was given by the Court. The Court instructed the jury as follows:

### "No. G.

"If the jury believe from the evidence in this case that while the motorman in charge of the motor and empty coal cars that were being backed into the working place of the plaintiff, the plaintiff signaled the motorman to stop or hold the said cars that were being shoved back, and that the motorman heard the signal and failed to stop the backing of the said motor and empty car, and by reason of such failure, the empty coal cars jammed the plaintiff back against a prop and thereby injured his shoulder, then in that event the law is for the plaintiff and the jury will so find, but unless the jury believe from the evidence that the plaintiff signaled the motorman in charge of said motor and empty cars to hold or stop the same, and that the motorman heard said signal, then the law is for the defendant and the jury will so find.

### "No. H.

"If the jury believe from the evidence that the plaintiff knew of the approach of the motor and cars operated by the motorman, Marion Stewart, and thereby went up on the track, or so close to the track as to place himself in a position as to be struck by the approaching car for the purpose of coupling said car to his loaded car at a time when the motorman did not know the position in which plaintiff had placed himself, and that the plaintiff by reason of said position in which plaintiff had placed

himself, he was struck by said empty car and was injured, then the law is for the defendant and the jury will so find.

## "No. I.

"If the jury find for the plaintiff under instruction No. G above, they will find for him such a sum as they believe from the evidence will reasonably and fairly compensate him for any physical pain or mental suffering endured by him, if any, that he has already suffered or that it is reasonably certain that he will hereafter suffer, if any, and for any reduction, if any, in his power to earn money by reason of his injury, if any, not to exceed the sum of $15,000.00 the amount claimed in the petition."

The contention of appellant seems to be that Instruction I permitted the jury to find for appellee, if they believed appellant's motorman was negligent under Instruction G, although the jury might likewise have believed that appellee was guilty of negligence under Instruction H. As we have hereinbefore remarked, the defense of contributory negligence is not available to appellant; and if any negligence is shown on its part to have been the proximate cause of the injuries, it is liable to appellee in damages. Instruction I did not permit any recovery unless the jury believed negligence on the part of appellant to have been proven. That being true, the instructions were not prejudicial to appellant, although Instruction I would have been in better form, had it concluded with the following direction: "If the jury shall find for the defendant under Instruction No. H, it will say so, and no more."

We perceive no error prejudicial to appellant's substantial rights.

The judgment is affirmed.