# Croley v. Huddleston.

Feb. 12, 1946.

H. C. Gillis and Robert L. Smith for appellant.

R. L. Pope and C. B. Upton for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

Appellant operates a coal mine in Whitley County; appellee is one of his employees and, at the time of the accident hereinafter described, was engaged as a hostler or helper for the operator of a coal cutting machine. On the night of September 19, 1944, a piece of metal designated as a rope-guide, weighing approximately

fourteen pounds, slipped off of the cutter bar of the coal cutting machine; was thrown a distance of 10 or 12 feet; and struck appellee on the right jaw, resulting in a fracture to the jawbone and the loosening of one of his teeth. After the fracture healed, the jawbone was distorted to such an extent as to prevent perfect occlusion of the lower and upper teeth. Upon submission of the case under instructions for temporary injuries, the jury returned a verdict in appellee's favor in the sum of $8,154.

Many grounds for reversal are urged on this appeal, the first of which is that the petition is defective. On this point, the petition alleges that "the rope-guide or chain and bar on the coal cutting machine broke, gave way, or came off, and suddenly and with great force and without warning, hit and struck the plaintiff." That the coal cutting machine was old, defective, and utterly unfit for use, was dangerous, and had been in such condition for many months; and all of which was either known, or, by the exercise of ordinary care on the part of the defendant, could have been known to him. No demurrer was filed to the petition, nor motion made to make it more specific; nor did appellant move the Court to enter a judgment notwithstanding the verdict. Objection to the pleadings was not filed until after the verdict was rendered, and first was presented as a ground for a new trial. The petition is rather loosely drawn, but the issues presented by the evidence were met by appellant without any claim of surprise. The petition is defective in form only; that is to say, the facts presented by the evidence were defectively stated in the petition. A defect or omission in a pleading, which would have been fatal on a demurrer, is cured by the verdict where the issue as joined required proof of the facts defectively stated or omitted. Bickel Asphalt Paving Co. v. Yeager, 176 Ky. 712, 197 S. W. 417; Palmer v. Arthur, 131 U. S. 60, 9 S. Ct. 649, 33 L. Ed. 87. It is obvious that the verdict cured the formal defects of the petition.

The next objection is that the evidence fails to support the verdict. Witnesses introduced by appellee testified that a hook on the rope-guide was made of material too soft to resist the force applied to it; that the prong of the hook pulled out of its curve into a position too straight to maintain its fixed position. As a result of this defect, which appellee's witnesses testified was

known to appellee's superiors in authority, the rope-guide was released, was propelled through the air, and struck appellee on the jaw. Appellant had not chosen to operate under the Workmen's Compensation Act, KRS 342.001 et seq.; therefore, the pleas of contributory negligence, assumed risk, and negligence of a fellow servant are not available in defense of the action. KRS 342.410. The evidence recited above supports the contention that appellant was negligent in furnishing appellee a defective and unsafe appliance with which to perform the duties required of him. It follows that the verdict is supported by the evidence.

The objection to the instructions presents a more serious complaint. Instruction No. 1 recites:

"No. 1

"It was the duty of the defendant, Ester Croley, at the time and place mentioned in the pleadings and evidence in this case to exercise ordinary care to furnish to the plaintiff, James Huddleston, as a helper or hostler after one of the coal cutting machines it had in use, a reasonably safe place in which to do and perform said work and to furnish to him reasonably safe tools and appliances including said machine and its appliances with which to do said work and to keep same in a reasonably safe, fit and proper condition, including the rope or guide attached to said coal cutting machine or cutter bar of same; and to have a certificated mine foreman whose duty it was to visit and carefully examine said working place once a day while the mines were in operation."

The sole issue presented by the evidence is whether appellant failed to furnish appellee with a safe appliance with which to work. Instruction No. 1, supra, erroneously presented an issue in respect to an unsafe place in which to work; and this instruction and Instruction No. 3 erroneously permitted the jury to find for appellee, if they believed from the evidence that appellant had failed to employ a certified foreman in the mines, and as a result of which appellee was injured. KRS 352.320 provides that every person operating a commercial coal mine, who employs six or more miners, shall employ a certified mine foreman to carry out the rules and regulations of the Department of Mines and Minerals. That section and subsequent sections of the

Statutes define the duties of the mine foreman, but fail to include in the duties the inspection of appliances which it is claimed caused the injury in the instant case. It is obvious that appellant's failure to employ a mine foreman was not, and could not have been, the proximate cause of the injury. Since it was shown conclusively that appellant had not employed a certified mine foreman, this part of Instruction No. 1 was a virtual peremptory in favor of appellant, and was extremely prejudicial; and for this reason alone the judgment must be reversed. That being true, it is unnecessary for us to determine whether that part of the instruction which presented an issue as to whether appellant furnished appellee with a safe place to work was prejudicial.

By Instruction No. 2, the jury was told that it was the duty of the plaintiff to exercise ordinary care for his own safety, although the Court failed to state the verdict to be rendered in the event that he failed to exercise such care. Since contributory negligence is not available as a defense to the action, this instruction was erroneous, although it was not prejudicial to appellant. Instruction No. 3 relates to Instruction No. 1, and directs the jury to find for plaintiff if they should believe the defendant failed to exercise any of the duties set out in the first instruction. It is erroneous to the same extent that Instruction No. 1 is erroneous. Instruction No. 4 prescribes the measure of damages, and complaint is made that it is defective in form. The instruction is subject to this criticism, although we believe the jury could not have been misled by the language used. By Instruction No. 6, the jury was told that ordinary care means such care as an ordinarily prudent person would use *for his own safety or that of another* under the same or similar circumstances as those proven in this case, and that the absence of such care is negligence. The words emphasized should not have been included in the definition. On the next trial, the Court will give the following instructions, in the absence of a proffered instruction for permanent injuries:

## Instruction No. 1

It was the duty of the defendant, Ester Croley, or his servants having the matter in charge, to use ordinary care to provide plaintiff with a rope-guide reasonably safe for its use in attaching it and holding it firmly to

the cutter-bar of the coal cutting machine mentioned in the evidence; and if the jury shall believe from the evidence that defendant, or his servants having the matter in charge, negligently provided plaintiff with a rope-guide which was defective and not reasonably safe for use in such work, and that the hook on the rope-guide at the time and place mentioned in the evidence by reason of its defective condition, if it was in such condition, bent or straightened out, and thereby caused the rope-guide to be released and to strike the plaintiff on or about the head, they should find for the planitiff damages for the injuries, if any, he sustained thereby; but unless they so believe, they will find for the defendant.

## Instruction No. 2

If the jury shall find for the plaintiff under instruction No. 1, they shall award him such sum in damages as will fairly and reasonably compensate him for any pain and suffering, mental or physical, which he has endured, or which it is reasonably certain from the evidence he yet will endure, as the direct and proximate result of the injury, and for any time which he has lost; not exceeding One Hundred Fifty-Four Dollars ($154.00) for loss of time; the entire award may not exceed Fifteen Thousand Dollars ($15,000.00), the amount claimed in the petition.

## Instruction No. 3

The term, 'ordinary care,' as used in these instructions, means that degree of care which persons of ordinary skill and prudence observe under like or similar circumstances to those proven in this case.

## Instruction No. 4

Nine (9) or more of the jury agreeing may find and return a verdict by affixing their names thereto; but if all agree, the verdict may be returned with the signature of but one.

Our attention is now directed to the complaint in respect to the introduction of incompetent evidence. When appellee admitted that he did not, of his own knowledge, know what struck him, his testimony gleaned from remarks of others that the rope-guide came loose should have been withdrawn from the consideration of

the jury. It was likewise erroneous for the Court to permit appellee to read the X-rays taken by Dr. Lovett; the X-rays should have been introduced by the doctor upon a showing that he was qualified to interpret the pictures. Indian Creek Coal Co. v. Walcott, 168 Ky. 534, 182 S. W. 631. On re-direct examination, appellee testified that he was advised by a dentist not to permit a Knoxville dentist to attempt to effect better occlusion. On re-cross examination, he admitted that his dentist did not actually advise him not to go, but that, from what his dentist told him, he determined on his own judgment not to go. Complaint is made that counsel for appellee argued that the reason he did not submit to treatment for his teeth was that he was so advised by his dentist. No motion was made to exclude this testimony from the consideration of the jury after it was discovered that he did not receive direct advice from his dentist; and complaint can not now be made of this evidence, or of counsel's argument in respect to it. The witness, Cilis Frazier, was permitted to testify that plaintiff was unable to masticate solid foods. He did not qualify as an expert, or state facts upon which this conclusion was based; therefore, the Court erred in admitting this testimony.

Finally, it is argued that counsel for plaintiff was guilty of misconduct, in arguing as substantive evidence testimony which the Court, by admonition, restricted to consideration for the purpose of affecting the credibility of a witness. It is unnecessary to go into detail in respect to this complaint; it is well founded, and, on the next trial, counsel for appellee will govern himself accordingly.

Since the case must be reversed for the reason hereinbefore set out, we deem it unnecessary to discuss the alleged error of the Court in failing to grant appellant a continuance; and since, upon the next trial, the medical testimony might differ and the amount of the award likely will not be the same, we specifically reserve the question raised in respect to excessive damages.

The judgment is reversed, with directions that it be set aside and appellant be granted a new trial, to be conducted not inconsistent with this opinion.