## Beck Electrical Repair Co. v. Browning.

November 12, 1948.

R. Kent Sampson and James Sampson for appellant.

Ray O. Shehan and Daniel Boone Smith for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Fred H. Browning brought this action against his employer, Beck Electrical Repair Company, to recover damages in the sum of $10,000 for injuries received by him in an accident allegedly caused by the employer's failure to furnish him with reasonably safe machinery, tools and appliances. The jury returned a verdict for the plaintiff for $5,000 subject to a credit of $1,409.59, the amount of hospital, medical and other bills of the plaintiff paid by the defendant. On this appeal it is argued that the trial court erred (1) In overruling appellant's motion for a peremptory instruction in its favor; (2) in admitting incompetent evidence; and (3) in giving Instruction No. 1 offered by appellee and refusing to give certain instructions offered by appellant.

Appellee was an employee of appellant for about one year before the accident in which he was injured. During the first two months of his employment he worked in appellant's shop in Harlan doing electrical repair work, and thereafter was employed as a driver of one of appellant's trucks. Appellant, though eligible, had not elected to operate under the Workmen's Compensation Act. On December 18, 1945, Clarence Goforth, appellant's manager, directed appellee to take the truck which he had been driving regularly and go to Calvin, Virginia, a distance of about 50 miles, and get an electric motor and bring it to the shop at Harlan for repair. He left Harlan in the truck, went to Calvin, Virginia, where the motor was loaded on the truck, and started on the return trip. When one-half mile from Harlan the truck left the road on a slight curve, overturned, and caught on fire. Appellee was severely burned

about the face, hands and body. He was taken to a hospital in Harlan where he remained two months. Appellee testified that a heavy steel bed had been substituted for the original bed on the truck, which rendered the truck top heavy, and that the motor slipped on the steel floor of the bed and struck the side of the bed causing him to lose control of the truck and the truck to overturn. He further testified that the motor was not fastened to the bed of the truck to prevent it from slipping and shifting, and that appellant failed to furnish a chain for that purpose. According to appellee, the motor weighed between 1,000 and 1,100 pounds. Clarence Goforth, appellant's manager, testified that the motor should have been securely fastened to the bed of the truck to prevent it from slipping, and that he said to appellee when the latter left to pick up the motor: "You be careful and chain your load down; the roads are bad; drive careful and be careful going and coming." He stated that the Company always kept one chain with each truck, and that the drivers had specific instructions to use them. He testified that he first went to the hospital after receiving notice of the accident and asked appellee how it happened. Appellee answered: "One of my chains came loose and locked my tire and turned me over. I was probably driving a little fast." Goforth then went to the scene of the accident with Virgil Dawn, one of appellant's employees. In response to the question, "Tell the jury what you found," he said: "We found both of the tire chains intact, and this motor Mr. Browning picked up over there at Calvin was hanging up near the cab of the truck with half inch chain run through the motor and tied to the side of the bed; it was hanging intact."

Virgil Dawn testified that the truck was on its side with the wheels facing the road. He saw an electric motor lying two or three feet from the bed of the truck. A chain was tied to the motor. Two other witnesses testified to the same effect. Appellee denied making the statement, attributed to him by Goforth, and denied that any chain was in the truck at the time of the accident or that appellant furnished him with a chain or ever instructed him to use one. Mrs. Maude Browning, mother of appellee, testified that she had a conversation with Clarence Goforth at the hospital three or four days

after the accident, and that Goforth said: "The only way they could figure out what caused the wreck was that the motor shifted."

Appellant does not question the rule that it is the duty of the master to exercise ordinary care to furnish the servant with machinery, tools, and appliances reasonably safe for the purpose intended, and that failure to exercise such care constitutes actionable negligence. The rule is universally applied. Brooks v. Arnett, 253 Ky. 491, 69 S. W. 2d 1029; Nugent Sand Co. v. Howard, 227 Ky. 91, 11 S. W. 2d 985. Appellant's own witnesses admit that the motor in question should have been securely fastened to the bed of the truck, and that it was appellant's duty to furnish a chain for that purpose. Appellant claimed it performed that duty by furnishing a chain and instructing appellee to use it. Appellee testified positively that no chain was furnished. Appellant's claim that it furnished proper equipment for the use of appellee in discharge of his duties is supported by the preponderance of the evidence, but the conflict in the evidence produced by appellee's testimony raised an issue of fact for the jury's decision.

The evidence of which complaint is made related to the steel bed placed on the truck. Appellee testified that the added weight and height rendered the truck top-heavy and thus more likely to get out of control when the unfastened motor slid against the side of the bed. It is insisted that this evidence was inadmissible since the acts of negligence relied upon were pleaded specifically in the petition, and these acts did not include the installation of a steel bed on the truck rendering it top-heavy and unsafe. An amended petition was filed, but appellant contends that it contained merely an allegation of general negligence which did not enlarge the allegations of the original petition. It is the rule in this jurisdiction that where averments of specific acts of negligence are supplemented by allegations of general negligence, proof must be confined to the specific acts alleged. Manwaring v. Geisler, 196 Ky. 110, 244 S. W. 292. In his petition the plaintiff alleged that the defendant was negligent (1) "In failing to furnish proper equipment to maintain said motor in place on said vehicle;" and (2) "in failing to furnish chains or other equipment to make it safe to operate said vehicle upon

the highways while they were slick, icy and dangerous.'' In the amended petition it was alleged that the defendant negligently failed to provide the plaintiff ''with reasonably safe tools, machinery and equipment reasonably well adapted and suited to haul and transport said motor in a reasonably safe manner.'' We think this was an allegation of a third specific act of negligence which would authorize the admission of the evidence in question, but, in any event, the evidence was admissible under the allegation in the petition that the defendant negligently failed to furnish proper equipment to maintain the motor in place on the truck, since it tended to show additional need for such equipment.          ,

The complaint of Instruction No. 1 is based on the assumption that the evidence concerning the steel bed of the truck was inadmissible, but what we have said in regard to that evidence disposes of the criticism of the instruction. Instruction No. 1 was patterned on the instruction on the duty of the master to furnish reasonably safe tools, appliances and machinery found in Stanley on Instructions, section 517, and approved in Nugent Sand Co. v. Howard, 227 Ky. 91, 11 S. W. 2d 985, and many other cases. Appellant offered several instructions, three of which, ''A,'' ''B'' and ''G,'' were given by the court. ''A'' was on unavoidable accident, ''B'' told the jury to find for appellant if they believed the accident was caused solely by appellees negligence, and ''G'' dealt with appellant's setoff. The other instructions offered by appellant and refused by the court either submitted issues fully presented by the given instructions or submitted the question of contributory negligence. Since appellant, though eligible, had not elected to operate under the Workmen's Compensation Act, it may not rely on defense of contributory negligence. KRS 342.410; Croley v. Huddleston, 301 Ky. 580, 192 S. W. 2d 717; Elcomb Coal Co. v. Brock, 300 Ky. 399, 189 S. W. 2d 397.

Judgment is affirmed.