## Nelson Creek Coal Company v. Bransford.

(Decided November 23, 1923.)

### Appeal from Muhlenberg Circuit Court.

1. **Master and Servant—Evidence of Enforcement of Rule Held Immaterial, in View of Customary Violation.**—In an action by driver for personal injuries, evidence by one of defendant's former boss drivers that his attention had been called to the fact that a rule of the defendant prohibiting exchange of mules by drivers had been violated, and that he had undertaken to enforce the rule, and had discharged one employee, who had been guilty of such exchange, was wholly immaterial, where the evidence for the

plaintiff strongly tended to show the existence of a custom among drivers to exchange mules, and that such custom was known to the employees of defendant in charge of the mine.

2. Damages—Evidence of Increase in Wages Held Admissible to Ascertain Damages for Personal Injuries.—In an action for personal injuries by mule driver in mine, evidence that shortly after plaintiff's injury the wages of drivers in the mine had been increased, at a time when he was unable to get the increase because of his injuries, was admissible to enable the jury to ascertain and fix the amount of compensation to which plaintiff was entitled.

3. Damages—Evidence of Earnings After Injury Admissible in Action by Servant.—In an action by a servant for personal injuries, where plaintiff testified that by reason of the injury he could work only about one-fourth of the time, the court erred in refusing to permit defendant to introduce a bookkeeper of another company, and show by him what plaintiff had earned as a workman some four years after his injury.

4. Appeal and Error—Exclusion of Evidence Relating to Damages Held Not Prejudicial.—In an action by a servant for personal injuries, wherein plaintiff testified he had only been able to work about one-fourth of the time since the injury, error of the court in not permitting defendant to show that plaintiff had worked for another company at excellent wages four years after the injury held not prejudicial, in view of the shortness of the employment.

5. Appeal and Error—Decision on Former Appeal Law of Case.— A decision on appeal is the law of the case on a subsequent appeal.

6. Master and Servant—Instruction Not Erroneous for Using Words "Natural and Probable Result" as Descriptive of "Proximate Cause."—An instruction to find for plaintiff if he received injuries complained of as a "natural and probable result" of defendant's furnishing a vicious mule held not erroneous by reason of the use of the words "natural and probable result," instead of "proximate cause," being a proper definition thereof (citing Words and Phrases, Second Series, "Proximate Cause.")

7. Trial—Held Unnecessary for Instruction to Define "Proximate Cause" in Action by Servant for Injuries.—In an action for injuries to driver in mine claimed to have been occasioned by vicious mule, which plaintiff had received from another driver through an exchange, it was not necessary for the trial court to define "proximate cause;" it being sufficient to simply leave to the jury the question whether the original taking of the dangerous mule into the mine brought about plaintiff's injury.

TAYLOR, EAVES & SPARKS for appellant.

WALKER WILKINS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

This is the second appeal in this case (Nelson Creek
Coal Co. v. Bransford, 189 Ky. 741).

On that appeal a judgment for plaintiff was reversed
because of the failure of the court in its instructions to
submit to the jury whether there was a custom in defend-
ant's mine of exchanging mules by the drivers employed
therein; and because of authority in the instructions
to recover for physicians' bills and medicines when there
was no evidence authorizing the same.

All the other questions now made on this appeal ap-
pear either to have been directly, or by necessary infer-
ence, passed upon on the first appeal, except the admis-
sion and rejection of certain evidence on the last trial,
and the correctness of the first instruction thereon, which
was given in a form somewhat different from that on the
first trial, although it properly submitted the question
of custom in the mine as to the exchanging of mules by
the drivers.

On the last trial the second objection to instructions
referred to in the former opinion as to the physicians'
bills and medicines, was eliminated by the introduction
of evidence on that subject.

This leaves for consideration on this appeal only the
new questions of evidence referred to, and the correctness
of the first instruction.

Appellant offered to show by one of its former boss
drivers that his attention had been called to the fact that
a rule of the company prohibiting the exchange of mules
by the drivers had been violated, and that he had under-
taken to enforce the rule and had in fact discharged one
employe who had been guilty of such exchange. This evi-
dence was wholly immaterial. The evidence for the
plaintiff strongly tended to show the existence of the cus-
tom among the drivers to exchange mules, and that such
custom was known to the employes of the appellant in
charge of the mine and its operation. It is therefore im-
material whether the rule actually existed or whether
former officers had undertaken to enforce it. These
things could not have relieved defendant of liability be-
cause of its acquiescence in or recognition of such cus-
tom. The mere existence of such a rule, with evidence of
a sporadic attempt to enforce it in the past, cannot oper-
ate to relieve defendant of liability if there had been a

general acquiescence in a violation of the rule known to defendant.

Appellee had been a driver in appellant's mine, and he was permitted to testify on the last trial that shortly after his injury the wages of drivers in that mine had been increased at a time when he was unable to get the increase because of his injuries. This evidence was admissible to enable the jury to ascertain and fix the amount of compensation to which the plaintiff was entitled, if any, by reason of his having been deprived of his opportunity to earn such increased wages.

Appellee testified that for the first eight months after his injury he had been unable to work at all, but that since that time he had, under difficulties, worked in loading coal for another company, but had been able to make only about one-fourth of a hand, or to work one-fourth of the time. In an effort to minimize the damages appellant introduced the bookkeeper of such other company, and offered to show by him what appellee had earned as a workman nearly four years after his injury, and the court declined to permit it to introduce such evidence. We think this evidence was competent for the purpose indicated, but an examination of the avowal shows it would only have disclosed that plaintiff along the period indicated had worked a small part of the time for such other company during a period of about four months, and about four years after his injuries, and that during that period he had earned excellent wages and more per day than he had been earning before his injuries. While this evidence should have been admitted, as it referred to a period so far removed from the injury and as it showed appellee worked only a fraction of the time, we are unwilling to hold that it was such prejudicial error as will authorize a reversal in this already protracted litigation.

On the former appeal it was urged for appellant that as the dangerous mule was not in the first place when sent into the mine assigned to the appellee to drive, the sending of the mule into the mine was not the proximate cause of the plaintiff's injury. The court in the former opinion went into the question of proximate cause in some detail, and held that whether the act of sending the vicious mule into the mine was the efficient cause of the accident was, in the light of the custom to exchange, for the jury.

On the first trial the instructions did not mention the question of proximate cause, and made no reference to the custom of exchanging mules. But on the last trial the court in the first instruction, after stating the duty of defendant to furnish plaintiff with a reasonably safe and gentle mule to drive in the mine, authorized a recovery for the plaintiff if the jury believed the company had furnished to its other servant, Gray, for use in its mine, a violent, vicious and dangerous mule, if they also believed there was a custom in defendant's mine by which the mule drivers therein exchanged mules with each other, and defendant knew of such custom, and they should believe that in pursuance of such custom the plaintiff and Gray exchanged mules, whereby he received from Gray the violent, vicious and dangerous mule as alleged, and while plaintiff was driving said mule it ran away with him and kicked him, and because of which he was thrown from the coal car he was driving,

"And plaintiff thereby received the injuries complained of as a natural and probable result of defendant's furnishing said vicious and unsafe mule to plaintiff as aforesaid, the jury should find for the plaintiff."

Complaint is made of the instruction that the word "probable" therein should have been "proximate," and because of such substitution the jury was permitted to guess that the sending of the mule into the mine might have been the cause of the injury or that it might have been because of exchanging mules with Gray.

It was held in the former opinion in this case, and is therefore the law of the case, that whether the sending by appellant of the vicious mule into its mine to be worked by its employes was the proximate cause of the injury should be submitted to the jury and the only question we have here is as to the correctness of the language of this instruction—that is, whether the use of the words "natural and probable result" are sufficiently descriptive of proximate cause.

In the class of cases where the question of proximate cause is involved, and where a remote negligent act is claimed to have been the proximate cause of an injury, although there were intervening negligent acts of others, the definition of proximate cause has been generally described by the use of the language as the "natural and probable consequence" or the "natural and probable result" of the first negligent act; that is to say, the original

or remote negligent act, although there are intervening negligent acts of others, will be deemed the proximate cause where a given injury is the natural and probable result or consequence of the first negligent act.

For instance, in the case of Sydnor v. Arnold, 122 Ky. 557, in considering a question of proximate cause where there had been intervening acts of others than the defendants, this court, in reversing the trial court which had given a peremptory instruction, said:

"It is immaterial how many others had been in fault, if the act of the first wrongdoer was the efficient cause of the injury. The weight of authority seems to be against holding a defendant liable for all the consequences of his wrongful acts when they are such as no human being even with the fullest knowledge of the circumstances would have considered likely to occur, and the rule is well settled that to fix liability upon a person for remote negligence the injury complained of must be one that under all the circumstances might have been reasonably foreseen or anticipated by a person of ordinary prudence to flow from or be the natural and probable consequence of the first negligent or wrongful act."

Under the text in that opinion will be found a long and imposing list of authorities. In the case of City of Louisville v. Hart's Admr., 143 Ky. 171, where decedent was, by reason of a defect in the street, thrown from a wagon in front of a street car and killed, the street car at the time running at a high and dangerous rate of speed, the court, after discussing at length the question of proximate cause, held it was not error for the trial court to decline to define proximate cause, and upheld an instruction as sufficient that the city was liable if the defect in the street brought about the death of the decedent.

It is apparent, therefore, that the instruction in this case need not have defined, as it did, proximate cause, but might have properly left the whole matter to the jury to determine whether the original taking of the dangerous mule into the mine brought about plaintiff's injuries. See also Louisville Home Telephone Co. v. Gasper, 123 Ky. 128; Words and Phrases, second series, vol. 3, page 1347.

We are of the opinion that the instruction by the language used sufficiently defined proximate cause, although it was not necessary to have done so.

Judgment affirmed.