## Moore v. Wright.

March 3, 1939.

WILLIAM H. FIELD, Judge.

ROBERT HUBBARD, JAMES P. MILLER and GEORGE P. BUTLER for appellant.

BRENT C. OVERSTREET for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Appellant, who was the plaintiff below, brought this suit in the Jefferson circuit court against Portland Federal Savings & Loan Association and Jesse L. Wright, to recover of them for personal injury received by plaintiff by falling from a ladder while engaged in painting a house in the city of Louisville, Kentucky. At the close of the evidence the court peremptorily instructed the jury to find a verdict for defendants, and plaintiff has appealed as against defendant Jesse L. Wright only.

At the outset it is insisted for appellee that the court properly directed a verdict for the defendants

for various reasons, one of which is that the petition did not state a cause of action, since it is not alleged that defendants knew, or by the exercise of ordinary care could have known, of the unsafe condition of the place in which plaintiff was required to work nor did plaintiff allege that such unsafe condition was known or could have been known to him by the exercise of ordinary care.

For his cause of action plaintiff alleged as follows:

"Plaintiff states that on or about the 21st day of November, 1936, while in the employ of the defendants, Jesse L. Wright and Portland Federal Savings and Loan Association, and acting within the scope of his employment, and while painting a house at 318 Pocohontas Street, Highland Park, Jefferson County, Kentucky, he was caused to suddenly, and without warning, fall from a ladder placed against the building near the scaffold along the rear of said house; that the ladder on which this plaintiff was standing and which was leaning ing against the building adjacent to the scaffold, nearby was, without warning, bumped into by the scaffold, which was negligently constructed in that said scaffold was not securely fastened to the building; that no cleats were attached to the roof of the building to give the painters, particularly this plaintiff, a safe and suitable place to work; that a fellow workman, acting within the scope of his employment, and at the time painting the same house from a scaffold adjacent to the ladder, negligently, recklessly and carelessly, and with great negligence, great recklessness and great carelessness, moved the scaffold, causing the ladder on which this plaintiff was standing, while at work, to move and knocking off of it this plaintiff, throwing him to the hard surface of the ground below, causing serious, painful and permanent injuries. * * *"

Thereafter, plaintiff filed his amended petition in which he reiterated each and every allegation of his petition except insofar as it may be inconsistent with the amendment and again alleged negligence on part of the defendants, their agents and servants, but did not reiterate the specific acts of negligence as set out in the original petition. The amended petition is in substance the same as the original petition, except he pleaded that at the time plaintiff received his injuries

the defendants were eligible to operate or work under the Workmen's Compensation Act of Kentucky, Kentucky Statutes, section 4880 et seq., but had not accepted the provisions of the Act, and for their failure to do so they were estopped and barred from any plea of assumed risk and contributory negligence. A demurrer to the petition was overruled and defendants excepted.

Since it is alleged that defendants were eligible to work under the Workmen's Compensation Act, but had failed to accept the Act, plaintiff was relieved of the necessity of alleging that he did not know, nor by the exercise of ordinary care could have known of the unsafe condition of the premises or place in which he was required to perform the duties of his employment. Read et al. v. Carter, 266 Ky. 346, 98 S. W. (2d) 464.

But that pleading did not relieve plaintiff of the necessity of alleging that the unsafe and dangerous place in which he was required to work was known to defendants or by the exercise of ordinary care could have been known to them long enough before the injury to have afforded them an opportunity to render the place reasonably safe. Gibraltar Coal Mining Company v. Nalley, 214 Ky. 431, 283 S. W. 416; Leatherwood Lumber Company v. Hall, et al., 252 Ky. 119, 66 S. W. (2d) 76; Read et al. v. Carter, supra.

It is further held in the Gibraltar Coal Mining Company case, supra, that it was incumbent upon the plaintiff in that case to also allege that he did not know, nor could have known by the exercise of ordinary care, the dangerous or unsafe condition which caused his injuries, notwithstanding the plea that the defendant was eligible to work under the Workmen's Compensation Act and had failed to accept its provisions. But in that respect that case has not been followed in more recent cases, insofar as it holds that a plea by the plaintiff that the defendant was eligible to work under the provisions of the Workmen's Compensation Act, but had failed to accept it, and to that extent it has been overruled by Read et al. v. Carter, supra, wherein we said:

> "It is a fundamental principle of the law of negligence as between the master and servant that, in order for the servant to recover because of the master's failure to furnish a reasonably safe place

to work, the servant must allege and prove that the place where he was working and sustained his injury was unsafe, and that such fact was known to the employer, or by the exercise of ordinary care could have been known to him in time to have remedied the defects, and, except where the Workmen's Compensation Act deprives the master of the defenses of contributory negligence and assumed risk, it is necessary for the servant to allege also that he did not know of the defects or unsafe condition.'' [266 Ky. 346, 98 S. W. (2d) 465.]

It is thus seen that for the failure of plaintiff to allege that the unsafe condition of the premises was known, or by the exercise of ordinary care could have been known, to defendants long enough before the injury to have afforded it an opportunity to render the place reasonably safe, rendered the petition defective and the court should have sustained the demurrer thereto.

The court sustained defendants' motion for a peremptory instruction upon the grounds that no negligence was shown. But, since we have concluded that the petition was defective and the demurrer thereto should have been sustained, we express no opinion as to whether or not the evidence was sufficient to take the case to the jury on the question of negligence, and that question as well as others discussed in brief are reserved. Since the failure of the petition to state a cause of action is sufficient to support the judgment of the trial court in directing a verdict in favor of defendants, it is not material that the court may have reached its conclusions upon an erroneous theory. Anderson v. City of Ludlow, 250 Ky. 204, 62 S. W. (2d) 785, and cases therein cited.

For the reasons stated, the judgment is affirmed.