## Ward et al. v. Marshall.

Jan. 26, 1943.

Wolfinbarger & Rice for appellants.

Shumate & Shumate for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Floyd Marshall obtained a judgment for $500 for an alleged injury to his left leg in August, 1940, which he claims he received while working for the appellants in handling short logs, referred to as stave cuts. The ap-

pellants urge reversal on the followings grounds: (1) They were entitled to a peremptory instruction; (2) the court erred in admitting incompetent evidence; and (3) the court did not instruct the jury properly.

Floyd worked several days for the appellants. He was 18 years of age, some five feet ten inches in height, and weighed approximately 175 pounds at the time he said he was injured. He and a number of other employees of the appellants were engaged in the work of rolling stave cuts (short logs) some 38 inches in length to points where they could be dragged by mules to the stave mills. It seems that each employee worked separately. Though Floyd says that he was injured the latter part of the first week he worked for the appellants, he gave them no notice of the injury when he left their employment on the fourth day of the second week, saying only that he had a boil on his knee. It was two weeks after he quit work that he sent word that he had been hurt while rolling a stave cut. The appellants paid some $200 for doctor's bills and medical expenses for the treatment of an infected place on Floyd's leg.

The charges of negligence in the petition were that the appellants failed to furnish him with a safe place to work, and that a cant hook which was furnished him was dull and had a broken handle. The only proof of negligence related to the furnishing of a dull cant hook. Floyd said that the cant hook furnished him by an employee of the appellants had a dull point and that it would slip off of the logs sometimes. The appellants denied that they furnished Floyd, or any of their employees, with cant hooks, and offered proof in support of that position.

It is obvious from what has been said that Floyd was engaged in a very simple operation; namely, the rolling of log cuts some 38 inches in length. On direct examination he said that the cant hook which he was using was dull and would hardly stick into a log; that he was rolling a block from a hollow and that it got stuck and he took the cant hook to loosen it so it would roll; that he gave a jerk and the cant hook slipped and he fell in front of the cut; and that it struck his right leg and bruised and skinned it. On cross-examination he said that he was holding to a bush with his right hand and pulling at the stave cut with his left; that he was jerked from the tree when the cant hook came loose; that he was pulling on the cut with the view of turning it around so it would roll

down the hollow; that he fell down in front of it when it started rolling; and that it must have rolled over him. According to Floyd's own statements he placed himself in a dangerous position; namely, in front of the stave cut, or at least in a place where it would be apt to strike him when it started moving.

Were it not for the testimony as to the cant hook which Floyd said was furnished him, we would have no difficulty in disposing of the case on the motion of appellants for a directed verdict, even though they had elected not to operate under the Workmen's Compensation Act. Having made that choice, they were denied the common law defenses of contributory negligence, negligence of a fellow servant, and assumed risk. KRS 342.410. Nugent Sand Co. v. Howard, 227 Ky. 91, 11 S. W. (2d) 985. The employee is still required to allege and prove, however, that the negligence of his employer was the proximate cause of his injury. Nugent Sand Co. v. Howard, supra; Helton v. Gunn Coal Mining Co., 258 Ky. 168, 79 S. W. (2d) 695. The employer is not the insurer of the safety of the employee. Howard v. Southern Harlan Coal Co., 287 Ky. 228, 152 S. W. (2d) 613. But the employer is not denied the opportunity of bringing forth evidence to show an absence of negligence on his part and also evidence to the effect that the employee's own negligence caused his injury. Where no negligence of the employer is shown, the evidence of negligence of an employee does not fall in the category of contributory negligence, but rather it shows primary negligence on his part, since there was an absence of negligence on the part of the employer. Contributory negligence implies the existence of negligence on the part of the defendant. Smith v. Paducah Traction Co., 179 Ky. 322, 200 S. W. 460. The statements in the similar cases of Helton v. Gunn Coal Mining Co., supra; Southern Mining Co. v. Saylor, 264 Ky. 655, 95 S. W. (2d) 236; and Steely v. Great Atl. & Pac. Tea Co., 256 Ky. 586, 76 S. W. (2d) 900, to the general effect that an employee must avoid known dangers, or dangers he could not have failed to know except by his own negligence, and that an employer's failure to furnish his employee with a safe place in which to work, or with safe appliances with which to perform his duties, does not create liability if the servant knew of the dangers, are too broad and lend themselves to the interpretation that, even though there be a showing of negligence on the part of the employer, still that

may be offset by proof that the employee knew of the unsafe conditions. This is not to say, however, that the employer may not show that the proximate cause of the employee's injury was his own negligence and not that of the employer.

This brings us to Floyd's charge and proof as to the dull cant hook. It will not do to say that Floyd assumed the risk of using the dull cant hook which he said was furnished to him, even though it be conceded that a cant hook is a very simple tool, because the simple tool doctrine is based upon the doctrine of assumed risk. Reed v. Nelson Creek Coal Company, 224 Ky. 322, 6 S. W. (2d) 252; Nugent Sand Co. v. Howard, 227 Ky. 91, 11 S. W. (2d) 985. We have noted already that KRS 342.410 denies to an employer not operating under the Workmen's Compensation Act the plea of assumed risk. But the instructions overlook the pleading and proof of the appellants to the effect that Floyd was not furnished with a cant hook with which to roll the stave cuts, and set forth that it was the duty of the appellants to furnish Floyd with a reasonably safe cant hook to do the work required of him. This was error. If there be another trial of this cause, and if the proof be the same, the instructions should also submit to the jury the question of whether a cant hook was furnished to Floyd.

It should be pointed out also that the jury should be instructed as to the limits for which an allowance could be made for loss of time. While the instruction on this point did set a maximum amount which could be found for loss of time, we believe it would have been better had the instruction on this point been framed as heretofore indicated.

The question of incompetent evidence relates to a statement made by one of Floyd's witnesses to the effect that Floyd told him that a stave cut had run over him and hurt his leg. This statement was self-serving, and should have been excluded. Cincinnati, N. O. & T. P. Ry. Co. v. Ross, 219 Ky. 824, 294 S. W. 460.

It follows from what has been said that it is our view that the judgment should be and it is reversed, with directions to set it aside and for proceedings consistent with this opinion.

Whole Court sitting.