## Smith's Adm'x v. Honaker et al.

November 22, 1946.

J. E. Childers for appellant.

J. A. Runyan and W. A. Daugherty for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Mrs. Roma Smith, administratrix of the estate of her deceased husband, Eli Smith, instituted this action against Phillip Honaker and Weldon Wolford, partners engaged in the lumber business, for $25,000 damages to her decedent's estate by reason of the alleged negligence of appellees, their agents and servants, in causing his death. At the conclusion of appellant's evidence the court directed a verdict for appellees and from the judgment entered thereon this appeal followed.

Eli Smith was killed on Nov. 11, 1944, by a falling tree when cutting timber while in the employ of appel-

lees. At the time of his death Eli was 58 years of age and had been engaged in cutting timber for more than 20 years, although when killed he had been in appellees' employ as a member of their timber cutting crew only about a week. Frank Hunt was appellees' timber foreman and working in his crew was deceased and a boy named Frank Smith, both of whom were called as witnesses for appellant.

Hunt testified that he notched an oak tree which he instructed deceased and Frank Smith to saw on the opposite side from the notch so it would fall down hill. A chestnut pole was leaning against a crooked black gum tree and the chestnut was lodged in the oak. The chestnut had been uprooted and its root wad was 25 feet up the hill from and behind the black gum, which in turn was diagonally up the hill and some more than that distance from the oak. The black gum being between the oak and the root wad of the chestnut. Hunt knew the chestnut when released by the falling oak could not fall behind the spot where the two Smiths were sawing the oak. Hunt took his position 25 feet behind the oak, thus putting the black gum between him and the chestnut which he knew would fall with the oak.

Hunt called to the attention of both Smiths, who were sawing the oak, that when it started to fall the chestnut would be released and would also fall and that they should come toward him at his place of safety. Frank Smith and John Dalton, who also appears to have been working in the crew, both told Eli to go toward Hunt when the oak started falling and Eli replied, ''I will come that way.'' When the oak started falling, instead of going behind it and in the direction of Hunt, for some inexplicable reason Eli ran in the opposite direction, was hit in the head by the falling chestnut after traveling about 9½ feet and was instantly killed.

The petition charged negligence in these general terms, ''Eli Smith's death was caused * * * by the gross negligence and carelessness of defendants, their agents and servants, superior in authority to said decedent and while he was working in the course of said employment and where he was directed to be by defendants' foreman.'' Appellees insist that their general demurrer to the petition should have been sustained as the

350

negligence attempted to be pleaded was that they did not furnish the decedent a reasonably safe place to work, and it was not averred that appellees knew, or by the exercise of ordinary care could have known, that it was unsafe; that as the petition did not state a cause of action, the court correctly directed a verdict in their behalf, citing such authorities as Gibraltar Coal Mining Co. v. Nalley, 214 Ky. 431, 283 S. W. 416, and Moore v. Wright, 277 Ky. 242, 126 S. W. 2d 121. However, as the judgment must be affirmed on the evidence heard, we will not consider the technical question of pleading.

Appellees were denied the defenses of contributory negligence and assumption of risk because they were not operating under the Workmen's Compensation Act. But this fact did not relieve appellant from alleging and proving that the negligence of appellees, their agents or servants, was the proximate cause of her husband's death, as the employer is not an insurer of the safety of the employee. Where no negligence is shown on the part of the employer, the negligence of the employee is not that of contributory negligence but it is primary negligence on his part. Ward v. Marshall, 293 Ky. 18, 168 S. W. 2d 348, and authorities there cited.

From the resume we have given of the evidence, there is no escape from the conclusion that Eli's unfortunate death was the result of his own negligence and no negligence was shown on the part of his employer. Such being the facts, the court properly directed a verdict in favor of appellees.

The judgment is affirmed.