## SKINNER v. SMITH.

Court of Appeals of Kentucky.
Feb. 27, 1953.

Hiram H. Owens, Barbourville, for appellant.

J. J. Tye, Barbourville, for appellee.

MOREMEN, Justice.

Appellee, Pascal Smith, obtained a judgment for an injury received while working in a mine. The judgment was against appellant, Roy Skinner who, appellee claimed, was his employer and who was eligible to operate, but was not operating, under the Workmen's Compensation Act at the time of the injury.

622

The appellant urges reversal on the ground that the court erred in failing to sustain a motion for a directed verdict for appellant because (1) the relationship of master and servant did not exist; (2) appellant was not eligible to operate under the Workmen's Compensation Act because he was not an employer; and (3) the injuries sustained were due to appellee's negligence which was the proximate cause of the accident.

In view of the fact that we have concluded appellant is correct in his contention that it was not shown he was guilty of primary negligence, no discussion of the question concerning whether or not appellee was an employee of appellant is required. We will discuss the rights of the parties as if appellant were eligible to operate under the Workmen's Compensation Act, but had not made an election to operate under it with the result that the common law defenses of contributory negligence, negligence of a fellow servant, and assumed risk are denied. KRS 342.410.

The accident happened in this manner: Appellee, an experienced miner, was working in the mine with two other men. They drilled holes in the coal and "shot" it. This exposed above, a slab of slate about 11 feet long and 6 feet wide. They waited for some time for the smoke to disperse and then went back to the place where they had shot the coal. About fifteen or twenty minutes after they had returned and after a car had been about loaded, the slate fell and appellee was injured. He testified that a timber had been shot out at the time the coal was loosened and that he was going to set it up again but the slate fell and pinned him.

■ °We held in High Splint Coal Co. v. Baker, 247 Ky. 426, 57 S.W.2d 60, a case very similar in fact to the one presented here, that even where the master elects not to work under the Workmen's Compensation Act, the rule is that if the negligence of the employee is the sole cause of his injury a recovery cannot be had against the master, and a great many cases are cited in support of that rule.

■■ In Smith's Adm'x v. Honaker, 303 Ky. 348, 197 S.W.2d 780, 781, we pointed out that:

"Where no negligence is shown on the part of the employer, the negligence of the employee is not that of contributory negligence, but it is primary negligence on his part. Ward v. Marshall, 293 Ky. 18, 168 S.W.2d 348, and authorities there cited."

■ It is also well settled that the rule which requires the master to furnish his servant a reasonably safe place to work does not apply where the servant is performing work to make a dangerous place safe or where the work itself makes the place obviously dangerous. High Splint Coal Co. v. Baker, 247 Ky. 426, 57 S.W.2d 60; Hazard Coal Co. v. Wallace, 181 Ky. 636, 639, 205 S.W. 692; Duvin Coal Co. v. Fike, 238 Ky. 376, 38 S.W.2d 201; and many cases cited therein.

■ Appellee was an experienced miner who had created a dangerous condition and subjected himself to the danger. We find no proof in the record that establishes any negligence on the part of appellant, but, rather, the evidence shows either inevitable accident or negligence on the part of appellee. In Ward v. Marshall, 293 Ky. 18, 168 S.W.2d 348, 350, we said:

"The employer is not the insurer of the safety of the employee. Howard v. Southern Harlan Coal Co., 287 Ky. 228, 152 S.W.2d 613. But the employer is not denied the opportunity of bringing forth evidence to show an absence of negligence on his part and also evidence to the effect that the employee's own negligence caused his injury. Where no negligence of the employer is shown, the evidence of negligence of an employee does not fall in the category of contributory negligence, but rather it shows primary negligence on his part, since there was an absence of negligence on the part of the employer. Contributory negligence implies the existence of negligence on the part of the defendant." ·

Upon return of this case to the circuit court, if the evidence at another trial is substantially the same, a verdict for the appellant should be directed.

Judgment reversed.