### FITCH v. MAYER et al.

Court of Appeals of Kentucky.

June 5, 1953.

Wurmser & Goldberg, Louisville, for appellant.

Wallis Downing, James G. Bowman and Hunter Short, Louisville, for appellees.

WADDILL, Commissioner.

The appellant, Mrs. Loretta Fitch, instituted this action against the appellees, Frances and William Mayer, d/b/a White Crescent System, for damages resulting from injuries received while performing her duties as a waitress in appellees' restaurant. At the conclusion of the appellant's proof the court directed the jury to find a verdict for appellees. This appeal is from the judgment entered pursuant to the directed verdict.

Mrs. Fitch described the accident causing her injuries as follows:

"Well I had a customer come in and ask for coffee; I walked over to where we keep these coffee makers. I picked the cup up in my left hand and raised the pot from the stove and just as I was about to pour this loose handle fell out and broke the pot and the coffee fell out and went into my shoe."

As a result thereof Mrs. Fitch suffered a rather severe burn to her right foot. It was shown that the coffee maker was an oval shaped, heat resistant pyrex glass bowl having a narrow neck, the type generally used in restaurants. A plastic handle was fastened by screws to a metal band around the neck of the bowl. At the top of the neck of the bowl there is a glass flange or rim. On cross-examination Mrs. Fitch admitted that the bowl was not cracked and that she did not know what caused the hole to appear in the glass bowl.

Since it was shown that appellees were not operating under our Compensation Act, they could not interpose the defenses of (1) contributory negligence; (2) negligence of a fellow servant; nor (3) assumption of risk. KRS 342.410; Man-

924

nington Fuel Co. v. Ray's Adm'x, 250 Ky. 736, 63 S.W.2d 933; O'Brien & Co. v. Shelton's Adm'r, 246 Ky. 537, 55 S.W.2d 352. Nevertheless, it was incumbent upon Mrs. Fitch to allege and prove that negligence of her employer caused the injury before she was entitled to have her cause submitted to a jury. Skinner v. Smith, Ky., 255 S.W.2d 621; Ward v. Marshall, 293 Ky. 18, 168 S.W.2d 348; Helton v. Gunn Coal Mining Co., 258 Ky. 168, 79 S.W.2d 695.

After considering appellant's evidence and the deductions that may be drawn therefrom, we conclude that the evidence of causation as well as negligence was insufficient to sustain the burden of proof.

"Evidence merely furnishing the basis of conjecture, surmise, or speculation does not establish proximate cause, with certitude, sufficient upon which to rest a verdict of a jury. * * * A plaintiff is never entitled to rest a verdict in his favor on mere supposition or conjecture; that is, on the possibility the thing could have happened, or on an idea or notion founded on the probability that a thing may have occurred, without proof that it did occur, from the act of negligence upon which his recovery is based." Wigginton's Adm'r v. Louisville Ry. Co., 256 Ky. 287, 75 S.W. 2d 1046, 1050. Also see: Shearman-Redfield on Negligence, Section 46.

For the reasons indicated, the judgment is affirmed.