Victor JONES, Appellant,

v.

CITY OF BOWLING GREEN, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 2, 1962.

E. R. Gregory, Charles H. Reynolds, Bowling Green, for appellant.

G. D. Milliken, Jr., Bowling Green, for appellee.

MONTGOMERY, Judge.

Victor Jones sued his employer, the City of Bowling Green, to recover damages for personal injuries received from a falling tree. The jury returned a verdict in favor of the City. On appeal, Jones argues that the instructions were erroneous and the remarks of counsel were prejudicial.

Jones had worked between four and five years for the City at the municipal cemetery. As such, his duties required that he cut grass, dig graves, cut and remove trees and brush, do planting, and other such tasks. The City had not elected to work under the Workmen's Compensation Act.

On the morning of January 28, 1958, Jones and other workers had cleaned up some brush and had carried it to a dump in another part of the cemetery. The remainder of the work crew supervised by Claude Thomas, foreman, were engaged in removing a mulberry tree. On the day before, dynamite had been used around the base of the tree in order to make the roots more accessible for cutting.

According to Jones, when he returned to the crew the foreman ordered him to cut an overhanging limb from the tree. As he stepped under the tree, someone hollered, "Look out, Jones," and the tree fell on him as he tried to escape.

Thomas' version is that there was a small limb which was in the way of one of the men who was using an ax to cut the tree roots. Pursuant to Thomas' order, Jones cut the limb while Thomas held it. Jones and Thomas then walked out from underneath the tree and stood fifteen to twenty feet back, with Jones two or three steps further from the tree. After the limb was cut, John Crabtree cut on the tree roots with an ax for several minutes; then two of the other employees used a saw on the roots for fifteen to twenty minutes. When it looked as though the tree was about to fall, the employees under the tree, at the direction of Thomas, sought a place of safety. As the tree fell, Jones ran under it, picked up his spade, threw it down, and was struck across the leg and hip by limbs of the tree.

Thomas' version of the mishap was corroborated by the testimony of five employees, all of whom said that the dynamite had not weakened the tree roots and that it was necessary to cut and saw the roots before the tree would fall. It was further testified that the use of dynamite to expose tree roots was a known practice of long standing in the cemetery work.

Appellant charges that the appellee was negligent in failing to furnish him with a reasonably safe place in which to work and to warn him of a hidden dangerous condition. Southern Mining Company v. Saylor, 264 Ky. 655, 95 S.W.2d 236. The condition created by the use of dynamite was an obvious one which appellant should have observed and should have known about from his long experience on the job. There was ample evidence to show that the condition was neither dangerous nor hidden. Under these circumstances, the rule in the Southern Mining Company case does not control. Skinner v. Smith, Ky., 255 S.W.2d 621, and the cases cited therein. However, the ques-

tion presented here is whose negligence caused the injury. The respective rights and duties of the employer and employee in such cases are fully discussed in the Skinner case.

■ By Instruction No. 1, the jury was authorized to find for Jones if the jurors believed that he was injured when he "negligently was ordered to cut a limb from said tree after the same had been dynamited at its roots and was in a dangerous condition." Appellant argues that the word "negligently" should have been omitted from the instruction.

■ The rule in such cases is that the employer is not an insurer of the safety of the employee, but such employee must allege and prove that the negligence of his employer was the proximate cause of his injury. Gatliff Coal Company v. Broyles' Adm'x, 297 Ky. 516, 180 S.W.2d 406. Hence, the use of the word "negligently" in this instruction was necessary to submit the question of appellee's negligence to the jury.

■ By Instruction No. 2, the jury was permitted to find for appellee if the jurors believed that Jones "walked beneath the falling tree without any orders so to do from the Superintendent Thomas, but voluntarily and of his own accord." Appellant contends that this instruction submitted the question of whether he was contributorily negligent and is in violation of KRS 342.-410, which denies an employer who has elected not to operate under the Workmen's Compensation Act the privilege of defending on the ground of contributory negligence.

■ Instruction No. 2 was based on Instruction H approved in Elcomb Coal Company v. Brock, 300 Ky. 399, 189 S.W.2d 397. In Ward v. Marshall, 293 Ky. 18, 168 S.W.2d 348, it was pointed out that the denial of the plea of contributory negligence under the statute does not mean that the employer is to be denied the opportunity to show an absence of negligence on his part

or evidence to the effect that the employee's own (sole) negligence caused his injury. As was said in Smith's Adm'x v. Honaker, 303 Ky. 348, 197 S.W.2d 780, "Where no negligence is shown on the part of the employer, the negligence of the employee is not that of contributory negligence, but it is primary negligence on his part."

The evidence here was in sharp conflict. The two instructions presented the facts as developed on the two sides of the case. The two instructions presented to the jury the question whether the injuries were the result of the negligence of the employer or of the employee. The claimed errors in the instructions are without merit.

■ Appellant also insists that the remarks of appellee's counsel made to the jury were prejudicial. They were to the effect that he represented the people and the taxpayers of the City of Bowling Green. It is argued that such comments constituted an improper appeal to any jurors who may have been taxpayers of the City, since an adverse verdict to the City would have been unfavorable to the juror as a taxpayer.

In referring to a similar contention, Rees, J., said, "It must be assumed that the members of the jury were reasonably intelligent men, and knew that any judgment against the commonwealth would necessarily have to be paid out of taxes collected by it." Commonwealth v. Hoover's Adm'r, 274 Ky. 472, 118 S.W.2d 741. It was further pointed out that the source of the funds with which the judgment would be paid was not material.

■ Great latitude must be allowed counsel in presenting an argument to the jury. Whitney v. Penick, 281 Ky. 474, 136 S.W.2d 570; Elliott v. Drury's Adm'x, 309 Ky. 814, 219 S.W.2d 3. However, an endeavor on the part of an attorney to influence the minds of the jurors by referring to the financial effect of the verdict on either party is improper, although the reference may not necessarily be prejudicial. Walden v. Jones, 289 Ky. 395, 158 S.W.2d 609, 141

**752**

A.L.R. 105. The better practice would have been to refrain from any reference to the taxpayers, but in the light of Judge Rees' statement and considering the overwhelming proof showing an absence of negligence on the part of the appellee, the error is not considered prejudicial.

Judgment affirmed.