**William O. GILBREATH, Appellant,**

**v.**

**N. B. PERKINS, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1970.

Terry E. Forcht, Paul E. Braden, Sutton, Forcht & Braden, Corbin, for appellant.

William L. Rose, Williamsburg, George W. Hatfield, Jr., Whitley City, for appellee.

CLAY, Commissioner.

Appellee recovered $50,000 for personal injuries arising out of an automobile accident. On this appeal no issue of liability is raised, and the principal questions presented relate to medical and other evidence and the alleged excessiveness of the damages. We find reversible error in the admission of evidence on the issue of damages, and, except for a related question, we do not pass upon others raised.

■ The appellee was 62 years of age. He was sent to the hospital immediately after the accident and his principal injury was a fracture of the cervical spine at the seventh cervical vertebra. In addition, he had severe cuts and bruises and a puncture wound in his right leg. He was in the hospital for 22 days and extensive medical treatment was continued for some time thereafter. Approximately 3½ months later he was readmitted to the hospital and treated for a cerebral vascular thrombosis. It is not clear from the record what part this second hospitalization played in the attending physician's prognosis of disability, but the competency of the medical evidence is a principal point argued on appeal. We do not decide the question but will call the parties' attention to the fact that the doctor's opinion with respect to causation and prognosis need not be based upon a "medical certainty". See Rogers v. Sullivan, Ky., 410 S.W.2d 624 (1967).

The attending physician was of the opinion that appellee had sustained permanent injuries and that he was 75 percent disabled from performing work in his professional occupation, which was shown to be that of a surveyor. The only surveyor's work the appellee had done was as a salaried employee of the Stearns Coal and Lumber Company. He had not done any independent surveying for anyone after he left the Stearns Company a year before the accident. At the time of the accident he was not actively engaged in such work. However, there was ample evidence he was qualified in this field.

■ Over objection appellee testified that since the accident he had been offered surveying jobs by 47 different persons, whom he named. The nature of these offers was not shown, but appellee testified that none of the jobs could be performed within less than one day, and the customary charge for this type of work in the community would be $25 a day. We are inclined to believe this evidence competent as showing the availability of work in the community and appellee's potential earning capacity.

In Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 1047, 15 A.L.R.2d 407 (1949), it is said:

"No general rule can be formulated that would properly control the admission of evidence to prove a man's future earning capacity. It must be arrived at largely from probabilities; and any evidence that would fairly indicate his present earning capacity, and the probability of its increase or decrease in the future ought to be admitted. This would include evidence of age, intelligence, habits, health, occupation, life expectancy, ability, the probable increase in skill, rates of wages paid generally to those following his vocation, particularly so, where as in this case, the injured person has fitted himself for, but has not entered into, the work or business of his chosen vocation."

In addition to the above evidence however, appellee elicited from a witness the

details of a specific job offer which appellee could not accept. This witness was a lawyer who had employed surveyors in the past and who had known appellee for many years. He testified that approximately four months after the accident he had offered appellee a surveying job for which he was willing to pay $30 a day and that the services would be required for at least a year. The witness estimated that on this job appellee would have earned $10,000 for a year's work.

██ When a person is regularly employed at the time of an accident which results in disability, it is proper to show opportunities for promotion, anticipated continuity of employment or an increase in the wage scale of fellow workmen. 25 C.J.S. Damages § 87 d., page 965; Montgomery v. Seaboard Air Line Ry., 73 S.C. 503, 53 S.E. 987 (1906); Hines v. Patterson, 146 Ark. 367, 225 S.W. 642 (1920); Nelson Creek Coal Co. v. Bransford, 201 Ky. 778, 258 S.W. 289 (1923). However, the offer of a specific new job which the plaintiff cannot accept does not fall within the principles recognized in the foregoing cases. The speculative nature and insubstantiality of such proof are evident. On its face such an offer is illustory because it cannot be accepted. It is not sufficiently realistic to be relevant. It is in the nature of a self-serving statement or an unaccepted offer of settlement, or an offer to purchase property, all of which are incompetent. See Ward v. Marshall, 293 Ky. 18, 168 S.W.2d 348 (1943); Smith v. Treacy, 294 Ky. 680, 172 S.W.2d 570 (1943); and Flynn v. Commonwealth, Department of Highways, Ky., 428 S.W.2d 24 (1968).

In Lexington Roller Mills Co. v. Fields, 182 Ky. 722, 207 S.W. 477 (1919), the defendant, to rebut plaintiff's claim of lost earning power, sought to prove that the president of the company for whom the plaintiff worked had said that he could stay there and do what he could and the company would continue to pay full wages. This court held that what someone for sen-

timental reasons might be willing to pay for plaintiff's services was not competent evidence of his ability to labor. By the same token, such an offer is not competent evidence of lost earnings.

██ The issue in a case of this sort, where the plaintiff is an independent contractor, is not what a particular person would be willing to pay the plaintiff if he was not disabled, but the value of his services on the general market. See Southern Coach Lines v. Wilson, Tenn., 214 S.W.2d 55 (1948); McGilvray v. Powell, 700 North, C.C.A. 7, 186 F.2d 909 (1951); and City of Anchorage v. Steward, Alaska, 374 P.2d 737 (1962). The probative value of a specific job offer which cannot be accepted is outweighed by its speculative and potentially collusive character.

██ The facts before us illustrate the lack of probative value of this specific offer. In the four years preceding the year of the accident appellee's average earned gross income was less than $5,000 a year. He had not engaged in any surveying work for more than a year prior to the accident. He now produces evidence that a new prospective surveying job for a year would have paid him more than twice as much as his prior average annual earnings, assuming he could and would have accepted it. In this connection it also may be pointed out that before and after the accident appellee was employed in occupations other than that of a surveyor, and it is entirely speculative that he would have been willing, even in the absence of disability, to accept the new offer. This evidence is beyond the scope of the proper measure of damages. We are of the opinion it was incompetent and its admission was obviously prejudicial in view of the very substantial award made by the jury.

A related question we will pass upon. It is contended that a hypothetical question, directed to appellee's attending physician for the purpose of obtaining an opinion with respect to the extent of appellee's disability, was incompetent because it assumed

facts with respect to his capabilities as a surveyor which were not in evidence. We believe this question fairly presented appellee's experience in the surveying field.

The judgment is reversed, with directions to grant appellant a new trial on the issue of damages only.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.